**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Rodriguez,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Warden David Duncan,<br><br>　　　　Respondent. | No. CIV-09-192-TUC-DCB (GEE)<br><br>**REPORT AND RECOMMENDATION** |

On April 2, 2009, the petitioner, an inmate confined in the Federal Correctional Institution in Safford, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. [doc. #1] The petitioner asserts the Bureau of Prisons has a policy of denying prisoners placement in a Residential Re-entry Center[1] until they have completed 90% of their sentences. He argues this policy violates 18 U.S.C. § 3621(b).

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for Report and Recommendation.

The petition should be denied. The record does not support Rodriguez's claim.

---

[1] Residential Re-entry Centers were formerly known as Community Corrections Centers. (Respondent's answer, p. 2, n. 2.) The petitioner uses the terms interchangeably. The court will use the term currently in use – Residential Re-entry Centers (RRCs).

Background

Rodriguez was convicted in the U.S. District Court for the Southern District of Texas for possession with intent to distribute marijuana in an amount in excess of 100 kilos. (Respondent's answer, Exhibit 1, Attachment 2.) On January 23, 2002, the trial court sentenced Rodriguez to a 196-month term of imprisonment and 5 years of supervised release. *Id.* The Bureau of Prisons (BOP) projects Rodriguez will complete his sentence on June 8, 2015. *Id.*

On January 22, 2009, Rodriguez submitted a Request for Administrative Remedy asking for immediate transfer to a Residential Re-entry Center (RRC). (Respondent's answer, Exhibit 1, Attachment 3.) On February 12, 2009, the warden sent Rodriguez a response informing him that his request would be addressed at his next scheduled Program Review. *Id.* The warden further instructed Rodriguez that he could appeal to the Western Regional Office if he was not satisfied with this response. *Id.* Rodriguez did not file an appeal. (Respondent's answer, Exhibit 1, Carney Declaration, ¶ 3.)

On April 2, 2009, Rodriguez filed a petition in this court for writ of habeas corpus pursuant to 28 U.S.C. §2241. He claims he asked for a transfer to an RRC, but he was denied pursuant to a Bureau of Prisons policy that restricts placement of prisoners to an RRC unless they have completed 90% of their sentences. (Petition, Memorandum Brief.) He further argues this policy violates 18 U.S.C. § 3621(b). *Id.*

On April 13, 2009, the court screened the petition, ordered service, and instructed the respondent to file an answer.

On May 5, 2009, the respondent filed an answer arguing the petition should be denied for failure to exhaust. In the alternative, the respondent argues the petition should be denied on the merits. Rodriguez did not file a reply.

Discussion

Persons convicted in the federal criminal justice system are committed to the custody of the Bureau of Prisons (BOP). 18 U.S.C. § 3621(a). Once committed, the BOP has the

obligation to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP may designate any facility the Bureau considers "appropriate and suitable" after considering certain statutory factors such as the "nature and circumstances of the offense" and "the history and characteristics of the prisoner." *Id.*

In the past, the BOP had a policy restricting placement in a Residential Re-entry Center to "the last ten percent of the prison sentence being served, not to exceed six months." *Rodriguez v. Smith*, 541 F.3d 1180, 1183 (9th Cir. 2008). The Ninth Circuit held this rule improperly abrogates the BOP's duty to determine each prisoner's placement based on an assessment of the individual characteristics of each prisoner pursuant to 18 U.S.C. § 3621(b). *Id.* at 1189. Perhaps in response to this decision, the Bureau of Prisons, on November 14, 2008, issued a memorandum instructing its staff to perform individualized assessments for each prisoner requesting a transfer to an RRC. (Respondent's answer, attachment 5.) This memorandum specifically notes that "[i]nmates are legally eligible to be placed in an RRC at any time during their prison sentence." *Id.*

In this case, Rodriguez claims his request for a transfer to an RRC was denied due to an impermissible policy of restricting such transfers to the last 90% of the prisoner's incarceration. The record, however, does not support his argument.

Rodriguez submitted a request for immediate transfer to a Residential Re-entry Center on January 22, 2009. (Respondent's answer, Exhibit 1, Attachment 3.) On February 12, 2009, the warden sent Rodriguez a response informing him that his request would be addressed at his next scheduled Program Review. *Id.* Rodriguez's request was not denied pursuant to a policy restricting such transfers to the last 90% of the prisoner's incarceration. Accordingly, his petition should be denied.[2]

---

[2] Apparently, Rodriguez was once told he could not be placed in an RRC until 11-13 months prior to his projected release date. *See* (Petition, Memorandum Brief, Statement of Case.) He may have filed this petition in expectation that the BOP would deny his transfer request pursuant to this (now superceded) policy.

- 3 -

## RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the petition on the merits. [doc. # 1]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this Report and Recommendation to the petitioner and the respondent.

DATED this 29th day of June, 2009.

_Glenda E. Edmonds_
Glenda E. Edmonds
United States Magistrate Judge